UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RUBY ELAINE ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-0642-TAB-RLY |
| | ) | |
| INDIANAPOLIS PUBLIC SCHOOLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

**I.    Introduction.**

Plaintiff Ruby Elaine Robertson contends that the Defendants violated federal and state law and caused her emotional distress when they allegedly subjected her to a racially hostile working environment by failing to remedy derogatory comments made to her by her immediate supervisor.  Plaintiff testified in her deposition that two other non-managerial[1] employees were present when these statements were uttered.  The instant dispute arose when Plaintiff's counsel indicated her desire to contact these employees to schedule their depositions.  [Docket 29, p. 2.] Defendants contend that Rule 4.2 of the Rules of Professional Conduct prohibits such ex-parte communication.  The parties commendably sought the Court's proactive clarification regarding the scope of Rule 4.2, and the Court granted leave for expedited briefing.  [Docket No. 25.] Accordingly, Defendants moved for a protective order barring Plaintiff from any ex-parte communication with these employees regarding the subject matter of this lawsuit.  [Docket No. 28.]  For the reasons set forth below, Defendants' motion for a protective order is DENIED.

---

[1] The parties concur that these employees are non-managerial.  [Docket Nos. 28, 29.]

## II.    Discussion.

Rule 26(c) allows a court to "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Pursuant to Rule 26(c), Defendants ask the Court to order Plaintiff's counsel not to contact two of its non-managerial employees ex-parte because they contend these employees are represented parties under Rule 4.2.  The parties agree that Rule 4.2 precludes ex-parte communication by opposing counsel with represented employees.  [Docket Nos. 28, 29.]  They also concur that Rule 4.2 contemplates three categories of IPS employees that are "represented," employees: (1) who have managerial responsibilities; (2) whose acts or omissions can be imputed to Defendants for purposes of civil or criminal liability; or (3) whose statements constitute admissions by Defendants.  *Weibrecht v. Southern Illinois Transfer, Inc*., 241 F.3d 875, 881 (7th Cir. 2001). [*Id*.]  An "admission" under Rule 4.2 is construed the same as an "admission by a party-opponent" under Fed. R. Evid. 801(d)(2)(D).  *Id*. at 883.  Since the parties agree that the employees are non-managerial, resolution of this dispute turns on whether they fall into either of the last two categories.

In a tautological fashion, Defendants argue that these employees are represented parties because "it is the conduct of IPS employees which is at issue . . . " [Docket No. 28, p. 4] and Plaintiff asserts that they are not because it is the conduct of other IPS employees that is the "heart of this litigation" [Docket No. 29, p. 3].  Neither party provides any meaningful analysis that is particularly helpful to the Court.  This could be because the test for discerning "represented" employees is prone to being consumed by its parts.  *See Orlowski v. Dominick's Finer Foods*, 937 F. Supp. 723, 730 n.6 (N.D. Ill. 1996) ("the third category of Rule 4.2's

Comment impliedly swallows the other two categories . . . .").

Such is the case here. There is no evidence before the Court showing that any actions or omissions of these employees impute civil liability to these Defendants for any of Plaintiff's claims. Nonetheless, as employees of Defendant IPS, any statements they might make regarding matters within the scope of their employment potentially could be admissions under Fed. R. Evid. 801(d)(2)(D). Thus, Defendants' concern is well-taken. The Court would be within its discretion to conclude that Plaintiff's non-managerial co-workers are within the third category of employees deemed represented under Rule 4.2. *See Hill v. Shell Oil Co.,* 209 F. Supp. 2d 876, 879 (N.D. Ill. 2002) ("If the employee's statement could be brought in as an admission against the defendant employer, then the employees are covered by Rule 4.2's prohibition.") (internal citation omitted).

However, "almost any employee could make a statement that would bind the corporation as an admission." *Orlowski,* 937 F. Supp. at 730. Consequently, this Court adopts the more equitable reconciliation between Rule 4.2 and Rule 801(d)(2)(D) implemented by the *Orlowski* and *Hill* courts. "Plaintiffs [can] not consider employees 'non-parties' for the purposes of the ethical rules, but 'parties' making binding admissions for purposes of the Federal Rules of Evidence." *Id.* Conversely, where a "plaintiff does not intend to enter the employee's statements as evidence of the employer's admission, then Rule 4.2 is not implicated and plaintiff is free to have informal contact with non-managerial employees." *Hill*, 209 F. Supp. 2d at 879.

Plaintiff's counsel has represented that she merely seeks to contact these employees to schedule depositions and does not intend to offer any informal statements from these employees as admissions against Defendants. The Court will hold Plaintiff's counsel to her representations

and finds that she is judicially estopped from proffering any informal ex-parte statements as admissions against Defendants.  Thus, Plaintiff's counsel's proposed ex-parte conversation with these employees to schedule depositions does not run afoul of Rule 4.2.[2]  Consequently, the Court DENIES Defendants' motion for a protective order [Docket No. 28].

Dated:   04/24/2006

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Dana Childress-Jones
childressjones@aol.com

Caren L. Pollack
MANDEL POLLACK & HORN
cpollack@mplaw.net

---

[2] This situation was easily, and perhaps preferably, avoided by Plaintiff accepting Defendants' reasonable invitation to allow Defendants to schedule these depositions.

4